**RAPID CITY SCHOOL DISTRICT 51/4, Appellant,**

v.

**Ken VAHLE and Judy Vahle, Appellees.**

**No. 90–5218.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1990.

Decided Dec. 31, 1990.

---

J. Crisman Palmer, Rapid City, S.D., for appellant.

John A. Hamilton, Pierre, S.D., for appellees.

Before LAY, Chief Judge, HEANEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

LAY, Chief Judge.

Darin Vahle, age eleven, suffers from Williams Syndrome.[1] The Rapid City School District (School District) has provided him with a special education program since he started school. His parents enrolled him in an outside occupational therapy (OT) program after a dispute arose regarding the program provided by the School District. The School District appeals from the district court's order (1) directing it to reimburse the Vahles $861 for the cost of Darin's outside OT program and (2) awarding $13,622.20 in attorney's fees and expenses. 733 F.Supp. 1364. We affirm.

## BACKGROUND

After a school conference, the Vahles were informed by Darin's disability teacher that Darin was regressing in his motor skills, visual tracking, and sequencing skills. On February 28, 1989, an Individualized Educational Program (IEP) meeting was held to address the regression problem. Darin's OT was also transferred to another therapist because his former therapist was going on maternity leave. The parties decided that Darin needed a specialist in sensory integration (SI) dysfunction therapy and that this therapy was only available from the Rapid City Regional Rehabilitation Hospital (RCRRH). The Vahles and the School District decided to contract for one therapy session at RCRRH for assessment of and recommendations regarding Darin's OT program. The Vahles removed Darin from the School District's OT program on March 21, 1989, because they disagreed with the School District therapist's handling of the case and because Darin continued to regress. They also met with the School District's special education department program administrator March 21 to discuss options for Darin's OT program. On April 3, 1989, they requested by letter that the School District transfer Darin's OT to the SI specialist at

1. Williams Syndrome causes learning disability, attention deficit disorder without hyperactivity, and scoliosis. His problems include a sensory integration dysfunction that affects his ability to know where his hands and feet are in relation to his body and also affects his eye-hand coordination. Appellee's Brief at 1.

RCRRH. They enrolled Darin in the OT program at RCRRH on April 11, 1989. After another IEP evaluation was made, the School District agreed on June 9, 1989, that Darin's OT needs could best be met at RCRRH. The School District has paid for Darin's sessions at RCRRH since June 9, 1989, but the School District has refused to reimburse the Vahles $861 for the sessions from April 11 to June 9. A hearing examiner ordered the School District to reimburse the Vahles. The School District appealed to the district court which ordered the School District to reimburse the Vahles and also awarded attorney's fees. The School District now appeals.

DISCUSSION

I. Reimbursement

■ The School District argues that the Vahles are not entitled to reimbursement for Darin's private placement because he was appropriately placed under the February 28, 1989, IEP and the Vahles unilaterally removed him without proper notice. The School District contends that this IEP was designed to address Darin's known needs and the Vahles' reasons for removing Darin from the School District's program do not demonstrate that its program was inappropriate.

The Supreme Court in *School Committee of the Town of Burlington, Massachusetts v. Department of Education,* 471 U.S. 359, 369, 105 S.Ct. 1996, 2002, 85 L.Ed.2d 385 (1985), allowed parents to be reimbursed for private placement if the court determined that such placement, instead of the proposed IEP, was proper under the Education of the Handicapped Act, 20 U.S.C. § 1400 et seq. (1989). The Court held that parents did not waive reimbursement by unilaterally obtaining substitute care for their child. *Burlington,* 471 U.S. at 372, 105 S.Ct. at 2003–04.

This court, in *Evans v. District No. 17,* 841 F.2d 824 (8th Cir.1988), found that parents "must make clear" to the School District that they want a change in placement before they may receive reimbursement for a private placement. *Id.* at 829. In *Evans,* however, the School District was never given an opportunity to make changes or re-fuse to make changes in the child's placement before the parents unilaterally removed her. The School District never acquiesced in the need for private placement.

In the present case, the district court found that the Vahles had given the School District notice of their objections concerning Darin's placement. Moreover, the School District has agreed with their placement of Darin and has paid for Darin's sessions since June 9. The court found that the School District should have promptly resolved the Vahles' concerns by immediately having an IEP meeting after it had notice of their desire to change Darin's placement.

We hold that the Vahles are entitled to reimbursement because the School District had notice of their concerns and was dilatory in dealing with those concerns. Under the circumstances, the *Burlington* decision requires reimbursement to the Vahles for the cost of the private placement.

II. Attorney's Fees

■ The Vahles are prevailing parties under the Act. The district court found that they were entitled to attorney's fees and that no special circumstances existed rendering the award unjust. The court found that the claim was reasonable and we agree.

CONCLUSION

We affirm the order of the district court directing the School District to reimburse the Vahles $861 for the cost of the outside OT program for Darin. We also affirm the award for attorney's fees and expenses.