Richard JODLOWSKI and Mary Jodlowski, Plaintiffs–Appellees,

v.

VALLEY VIEW COMMUNITY UNIT SCHOOL DISTRICT # 365–U; Will County, Illinois, Defendant–Appellant.

No. 96–2549.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 10, 1997.

Decided April 4, 1997.

---

Deborah W. Owens (argued), Hinsdale, IL, for plaintiffs–appellees.

Norma J. Guess (argued), Moss & Bloomberg, Bolingbrook, IL, for defendant–appellant.

Before POSNER, Chief Judge, and RIPPLE and ROVNER, Circuit Judges.

RIPPLE, Circuit Judge.

Richard and Mary Jodlowski, the parents of special education student Nicholas Jodlowski, brought this action to obtain attorney's fees pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq. The district court held that the parents had prevailed in prior state administrative litigation and were therefore entitled to such fees under 20 U.S.C. § 1415(e)(4)(B). The district court accordingly ordered appellant Valley View Community Unit School District # 365–U ("Valley View") to pay a portion of the attorney's fees and other costs incurred by the Jodlowskis in the litigation. Valley View appeals the judgment of the district court. We reverse.

I

BACKGROUND

In 1994 Nicholas Jodlowski, a 14–year–old child with special educational needs, attended school in the Valley View Community Unit School District # 365–U. Federal law requires that children with Nicholas' needs undergo evaluations at least every three years. *See* 34 C.F.R. § 300.534(b). The regulations require that the triennial evaluations assess the child "in all areas related to the suspected disability, including, if appropriate, health, vision, hearing, social and emotional status, general intelligence, academic performance, communicative status, and motor abilities." 34 C.F.R. § 300.532(f). Nicholas' last such triennial evaluation had been conducted in May 1992. Valley View, first in August 1994 and again in October 1994, sought the Jodlowskis' consent to perform a three-year evaluation of their son during the upcoming school year.

The parents initially refused, by letter dated October 26, 1994, to grant permission for the evaluation on the ground that it was too early to seek it; three years had not yet passed since Nicholas' last evaluation. It is disputed whether the parents were contacted again by Valley View, but the record reflects that the parents eventually consented, in January 1995, but only to a speech/language evaluation to be done by a specific individual, Jenny Paul. Subsequently, the parents responded further with a consent form dated February 26, 1995. In that form, Mary Jodlowski granted limited permission to perform certain tests: "I give consent for Jean Dunphy to conduct the Social History. No Behavior Scales of any kind are to be given. I give consent for the nurse to conduct the Health History.... I give consent for an outside psychological evaluation to be done by Jessica Lippman, Ph.D." R. 6, Ex. C. At the bottom of the form where her consent was to be indicated, Mrs. Jodlowski checked a box that she had altered to read, "I do NOT give consent for any psychologist other than Dr. Lippman to conduct any testing or observations." *Id.*

In March 1995, Valley View sent the parents a letter again seeking unlimited consent. In that same month, the district also

filed a request for an impartial due process hearing, in which Valley View sought the right to have a complete evaluation performed instead of the limited one proposed by the parents. The hearing officer rendered her decision in May 1995. Initially, the hearing officer denied the parents' motion to dismiss Valley View's request as premature. The parents had urged dismissal, contending that the time for reevaluation ran, not from Nicholas' prior May 1992 evaluation, but from a prior due process decision that had been rendered in August 1993.[1] The hearing officer disagreed and decided that the relevant three-year time period ran from the 1992 evaluation, not from the prior 1993 due process hearing. The hearing officer also ordered a "complete case study evaluation" of Nicholas, with Valley View to cover the costs. R. 6, Ex. F at 4. The evaluation was to be completed by "independent" personnel mutually chosen by Valley View and the parents; the order required that the evaluators not be Valley View staff members and that they not have been involved in previous evaluations of Nicholas. The hearing officer also ordered a neurological examination to be part of Nicholas' overall evaluation. She further mandated that the independent evaluation and neurological evaluation be used at the multidisciplinary staff conference ("MDC") in determining the appropriate program and services to be provided to Nicholas. The hearing officer additionally ordered the MDC to consider a language disorder program as an alternative for placement and to consider the inclusion of facilitated language development in Nicholas' program. Finally, the hearing officer declined to review the parents' charges of abuse by a school aide for lack of jurisdiction.

Neither party appealed the decision of the hearing officer. Instead, the parents filed a petition in the district court to recover their attorney's fees and costs pursuant to 20 U.S.C. § 1415(e)(4)(B). They claimed that they were the "prevailing parties" in the due process hearing. The district court granted the parents' (and denied Valley View's) motion for summary judgment. The court reasoned that the parents had "prevailed" in the state proceeding because the hearing officer had ordered that Nicholas be evaluated by mutually selected, independent personnel at Valley View's cost. The Jodlowskis, the court said, had refused to consent to the school's evaluation of Nicholas if that evaluation was to be performed by school-selected personnel. Although the hearing officer did not accept the parents' suggested evaluators, she did forbid Valley View from using its own staff. Therefore, the court held, the Jodlowskis prevailed on the ultimate issue of who would conduct the evaluation. Then the district court, finding the requested fees "somewhat excessive" and finding the claimed amount of required research overstated, awarded fees and costs to the parents in the amount if $18,100, a reduction from the $21,788 the Jodlowskis had sought originally. Valley View now appeals that final judgment.

## II

### DISCUSSION

■ Title 20 U.S.C. § 1415(e)(4)(B) provides: "In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party." *Id.* The section permits a district court to award attorney's fees to parents who prevail in state-level due process proceedings. *See Brown v. Griggsville Community Unit Sch. Dist. No. 4*, 12 F.3d 681, 683–84 (7th Cir.1993). Our review of the district court's fee award involves a two-step approach. First, we must determine whether the parents prevailed in the state-level proceeding and are therefore eligible to receive attorney's fees at all. Second, if the parents cross the threshold of "prevailing party" status, we must determine whether the amount of fees awarded was reasonable. We are guided by Supreme Court precedent with respect to both inquiries.

---

1. In 1993 Valley View had attempted to reevaluate Nicholas. At the 1993 hearing, the hearing officer had sustained the parents' objection that Valley View's request for a reevaluation at that time was premature.

## A.

A "fee award is permissible" if "the plaintiff has crossed the 'statutory threshold' of prevailing party status." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 789, 109 S.Ct. 1486, 1492, 103 L.Ed.2d 866 (1989). Plaintiffs qualify as prevailing parties for purposes of § 1415 if "they succeed on any significant issue in litigation which achieves some of the benefit the parties sought." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (citation and internal quotation omitted). A prevailing party, to be classified as such, therefore "must obtain at least some relief on the merits of his claim." *Farrar v. Hobby,* 506 U.S. 103, 111, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992).[2] "In short," the Supreme Court explained in *Farrar,* "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 111–12, 113 S.Ct. at 573.

■ The Jodlowskis' claim falters at this threshold inquiry because they did not "prevail" in the due process hearing. With respect to the hearing's most significant issue, the hearing officer upheld Valley View's right to perform a complete case study evaluation. Such an evaluation includes a full battery of assessments, previously refused by the parents. Moreover, by ordering that the evaluation be conducted by independent personnel, the hearing officer prohibited the parents' designated evaluators, Dr. Lippman and Jean Dunphy, from conducting any of the required assessments. Rather, Valley View and the Jodlowskis were required to select mutually Nicholas' evaluators. The Jodlowskis also attempted to avoid Nicholas' reevaluation on the ground that Valley View's request was premature, but the hearing officer

disagreed and found that Valley View's request was timely. Finally, the hearing officer concluded that she had no jurisdiction to hear the parents' claim that Nicholas had been abused by Valley View personnel. In sum, Valley View got what it wanted: a complete case study evaluation of Nicholas. The use of the parents' suggested evaluators, on the other hand, was prohibited. The Jodlowskis, therefore, do not qualify as prevailing parties for IDEA purposes. They simply did not win any relief on the merits, much less "actual relief on the merits" that "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff[s]." *Board of Educ. v. Steven L.,* 89 F.3d 464, 469 (7th Cir.1996) (quoting *Farrar,* 506 U.S. at 111–12, 113 S.Ct. at 573) (internal quotation omitted).

Yet the Jodlowskis perceive a brighter side to the hearing officer's order. They insist that the real issue in the due process hearing was who would perform Nicholas' evaluation. Valley View, the parents contend, desired that its own staff do the evaluating because its staff members had already made some negative predeterminations about Nicholas' abilities. The fear of Valley View's preordained conclusions spurred the Jodlowskis to refuse consent in the first place, they say. The Jodlowskis maintain, and the district court agreed, that they "prevailed" when the hearing officer ordered that Nicholas' evaluation be performed by independent personnel, thereby prohibiting the use of Valley View's staff.

The Jodlowskis' premise, that the real issue before the hearing officer was who Nicholas' evaluators would be, is flawed insofar as it finds no support in the hearing officer's own words. The "Summary of Issue in Dispute," written by the hearing officer as part

---

2. *Farrar, Garland* and *Hensley* are all cases dealing with 42 U.S.C. § 1988, which provides for attorney's fees to prevailing parties in civil rights cases. These cases nevertheless guide our interpretation of the meaning of "prevailing party" under the IDEA. *See Hensley,* 461 U.S. at 433 n. 7, 103 S.Ct. at 1939 n. 7 ("The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.' "); *Monti-*

*cello Sch. Dist. No. 25 v. George L.,* 102 F.3d 895, 908 n. 5 (7th Cir.1996) ("Our Court has frequently relied on case law construing § 1988 in the context of awards of attorneys' fees under the IDEA, and we have held that the term 'prevailing party' has the same meaning under both statutes."); *Board of Educ. v. Steven L.,* 89 F.3d 464, 468 (7th Cir.1996) (noting that " '[p]revailing party' has the same meaning under 20 U.S.C. § 1415(e) as 42 U.S.C. § 1988").

of her decision, reads as follows: "School district is requesting permission to complete a triennial evaluation of the student. The parents raised an additional issue relating to a question of abuse by school personnel." R. 6, Ex. F (cover page). Then on the next page of her decision, the hearing officer wrote: "The issue in this hearing is the district[']s request to complete a triennial evaluation of 'N'. In addition the parents requested the right to raise an additional issue regarding abuse of 'N' by district personnel." Id. at 1–2. In an April 1995 letter, counsel for the parents reiterated that these were indeed the issues before the hearing officer. On both of these issues, as we have already noted, the parents failed to prevail: A complete reevaluation was ordered, and the hearing officer decided that she had no jurisdiction to hear the abuse charges.

In any event, the parents did not prevail on the issue, if it was one, of who would perform the evaluation. Although the Jodlowskis insist that they prevailed because independent personnel were ordered to be used, they clearly wanted more than "independent" personnel at the time. The parents specifically designated, in their February consent form, certain named individuals as the only permissible evaluators. Inasmuch as the hearing officer barred the Jodlowskis' designated evaluators from participating in Nicholas' evaluation, the parents lost on this point as well. Moreover, Valley View was not altogether against independent evaluators. The transcript of the due process hearing shows that, although Valley View did want their own people to evaluate Nicholas, it was willing to compromise on the matter and to use independent evaluators in Nicholas' examination. The record demonstrates that the real reason for Valley View's initiating the hearing was its desire to perform a complete, not a limited, evaluation.

Even if the parents had desired "independent" evaluators, their success in this regard would constitute no more than a species of interim relief for which attorney's fees are not permissible. See Steven L., 89 F.3d at 468–69 (parents' only victory was the invocation of the IDEA's "stay-put" provision); Hunger v. Leininger, 15 F.3d 664, 670 (7th Cir.) (parents obtained transitional services pending their child's return to school), cert. denied, 513 U.S. 839, 115 S.Ct. 123, 130 L.Ed.2d 67 (1994). Similar to the in-home services in Hunger, the evaluation to be conducted by independent evaluators in this case "had no intrinsic value" and was "not rehabilitative"; it merely "facilitate[d Nicholas'] reentry into school." Id.; see also Farrar, 506 U.S. at 111, 113 S.Ct. at 572–73 ("Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement.") (emphasis added). Likewise, the order for Valley View to pay for the testing was an illusory victory for the parents because it was common practice both for Valley View to pay for Nicholas' evaluations and, as a more general matter, for Illinois school districts to pay for independent educational evaluations, see Ill.Admin.Code tit. 23, § 226.544(b). "Victories" of the sort claimed in this case do not alter the parties' relationship in a manner beneficial to the plaintiffs and therefore are insufficient to confer "prevailing party" status. See Farrar, 506 U.S. at 113–14, 113 S.Ct. at 574–75; Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792–93, 109 S.Ct. 1486, 1493–94, 103 L.Ed.2d 866 (1989). As Chief Judge Posner wrote in Hunger:

> In the course of a proceeding that may result in the utter defeat of the plaintiff, he may nevertheless obtain some favorable rulings—such as a remand, a discovery order, an order in limine excluding certain evidence, or an order disqualifying the defendant's lawyer—that confer a benefit upon him until the rulings are ultimately vacated: tactical victories in what turns out to be a losing war. Such rulings do not create a right to attorney's fees.

15 F.3d at 670. We accordingly hold that the Jodlowskis do not qualify as "prevailing parties" within the meaning of the IDEA and that they are, as a result, ineligible to receive attorney's fees under § 1415(e)(4)(B).

### B.

Even if the "victory" obtained by the Jodlowskis had altered the parties' relationship in a beneficial manner, thereby making them eligible to receive attorney's fees, we

would hold that the district court should have declined to award fees in this case. The Supreme Court has held that, although prevailing party status "does not turn on the magnitude of the relief obtained," *Farrar*, 506 U.S. at 114, 113 S.Ct. at 574, "[i]n some circumstances, even a plaintiff who formally 'prevails' ... should receive no attorney's fees at all," *id.* at 115, 113 S.Ct. at 575. " '[T]he most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.' " *Id.* at 114, 113 S.Ct. at 574 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)); *see Garland*, 489 U.S. at 790, 109 S.Ct. at 1492–93.

The Jodlowskis' degree of success, if any, was minimal. Like the parents in *Hunger*, 15 F.3d at 670, "[m]ostly they lost": A complete reevaluation was ordered; the proceeding was not dismissed as premature; the abuse issue was not reached; and the parents were not granted the right to select the evaluators. The only claimed victory is a procedural one limiting the individuals who could evaluate Nicholas. This degree of success, if it could be so classified, cannot carry the weight of any attorney's fees award, much less one that exceeds $18,000. *See Monticello Sch. Dist. No. 25 v. George L.*, 102 F.3d 895, 907 (7th Cir.1996) (no fees may be awarded under § 1415(e) to parents who are "prevailing parties" if their success was "simply technical or de minimis"). "When the plaintiff's success is purely technical or de minimis, no fees can be awarded. Such a plaintiff either has failed to achieve victory at all, or has obtained only a Pyrrhic victory for which the reasonable fee is zero." *Farrar*, 506 U.S. at 117, 113 S.Ct. at 576 (O'Connor, J., concurring);[3] *see Hunger*, 15 F.3d at 670–71; cf. *George L.*, 102 F.3d at 907–08 (holding that district court did not abuse discretion in denying fees under § 1415(e)

even though parents obtained significant changes to child's Individualized Education Program and achieved a better program for child in school district). Assuming arguendo that the Jodlowskis are eligible for a fee award as "prevailing parties," we hold that any success they obtained was so insignificant that the only reasonable fee in this case is zero, as a matter of law.

### Conclusion

Accordingly, the judgment of the district court is reversed.

REVERSED

---

**3.** As Justice O'Connor noted in her *Farrar* concurrence, "when a plaintiff's victory is purely technical or de minimis, a district court need not go through the usual complexities involved in calculating attorney's fees." 506 U.S. at 117, 113 S.Ct. at 576 (O'Connor, J., concurring). In such cases, "summary denial of fees is ... appropriate." *Id.* at 118, 113 S.Ct. at 576. We note that, in cases in which the plaintiff's victory justifies a fee award, however, a district court

must set the amount of the fee by analyzing the facts of the case in light of the factors the Supreme Court set forth in *Hensley*. Ultimately, we review the amount awarded for an abuse of discretion, *see Hensley*, 461 U.S. at 437, 103 S.Ct. at 1941; *George L.*, 102 F.3d at 907, but "[i]t remains important ... for the district court to provide a concise but clear explanation of *its* reasons for the fee award," *Hensley*, 461 U.S. at 437, 103 S.Ct. at 1941.