Hector GONZALEZ, et al., Plaintiffs,

v.

**PUERTO RICO DEPARTMENT OF EDUCATION, Defendant.**

No. 95–2284 (HL).

United States District Court,
D. Puerto Rico.

March 30, 1998.

---

**2.** The personal telephone directory of the defendant has the name and phone number of "El Indio." Criminal No. 97–074.

Orlin P. Goble, Hato Rey, PR, Robert F. Blackmore, Dunn, Carney, Allen, Higgens & Tongue, Portland, OR, for plaintiffs.

Department of Justice, Federal Litigation Division, San Juan, PR, Leigh M. Manasevit, Brustein & Manasevit, Washington, DC, Karen S. Lovitch, Brustein & Manasevit, Washington, DC, John P. Sherman, Brustein & Manasevit, Washington, DC, for defendant.

### OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is Plaintiffs' petition for attorneys' fees, educational expenses, and costs. Plaintiffs brought this action pursuant to the Individuals with Disabilities Education Act ("the IDEA").[1] Plaintiffs are Héctor González, his wife Gricelle Nazario González, and their son Gabriel González. Gabriel's parents brought this action on his behalf Defendant is the Puerto Rico Department of Education ("the Department"). Plaintiffs sought reimbursement from the Department for their expenses in educating Gabriel at private schools. Following a bench trial, the Court granted Plaintiffs' request for reimbursement of educational expenses, but only as of November 23, 1994; Plaintiffs had

---

1. 20 U.S.C.A. §§ 1400–1491o (West 1990 & Supp.1998).

sought reimbursement starting from the 1990–91 academic year. *See Gonzalez v. Puerto Dept. of Educ.*, 969 F.Supp. 801, 816 (D.P.R.1997). In its ruling, the Court also held that Plaintiffs were entitled to attorneys' fees and ordered them to submit an itemized claim for these fees. *See id.* at 815–816. In their petition, Plaintiffs request $305,520.19 in educational expenses and $108,508.97 in costs and attorneys' fees. The Court hereby grants Plaintiffs' request, with the following adjustments.

■ The IDEA provides that a prevailing party is entitled to attorneys' fees. 20 U.S.C.A. § 1415(e)(4)(B)–(E). A prevailing party is one who has received at "at least some relief on the merits of his claim." *Farrar v. Hobby*, 506 U.S. 103, 111, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992); *Jodlowski v. Valley View Community Unit School Dist. No. 365–U*, 109 F.3d 1250, 1253 (7th Cir. 1997). In the present case Defendant does not seriously dispute that Plaintiffs are not the prevailing party, although Defendant does point out that Plaintiffs did not receive all the relief that they requested.

■ In awarding attorneys' fees in IDEA cases, the district court has a great deal of discretion. *Bridgeforth v. District of Columbia*, 933 F.Supp. 7, 10 (D.D.C.1996); *Hall by Hall v. Detroit Public Schools*, 823 F.Supp. 1377, 1383 (E.D.Mich.1993). The statute provides that the fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C.A. § 1415(e)(4)(C). The relevant rate is not the amount that the party's lawyer might be paid by willing clients, but the amount that is normally paid in the community for similar services. *Beard v. Teska*, 31 F.3d 942, 956 (10th Cir.1994). Normally in fee-shifting cases, the court should determine fees by multiplying the hours productively expended by a reasonable hourly rate. *Lipsett v. Blanco*, 975 F.2d 934, 937 (1st Cir. 1992).[2] The court may adjust these figures

based on such factors as the time and labor required; the novelty and difficulty of the legal issues; the skill and experience of the attorney; the customary fee; the amount involved and the results obtained; and awards in comparable cases. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n. 3, 103 S.Ct. 1933, 1937 n. 3, 76 L.Ed.2d 40 (1983); *Angela L. v. Pasadena Independent School District*, 918 F.2d 1188, 1197 (5th Cir.1990). Hours that are unnecessary or redundant should be excluded. *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939–40; *Arunim D. v. Foxborough Public Schools*, 970 F.Supp. 51, 54 (D.Mass. 1997). If time spent is excessive, the court should reduce the award. 20 U.S.C.A. § 1415(e)(4)(F)(iii); *Smith v. Roher*, 954 F.Supp. 359, 365 (D.D.C.1997). Additionally, the prevailing party has the burden to submit evidence which justifies the request for fees. *Smith*, 954 F.Supp. at 365.

Plaintiffs claim $108,508.97 in attorneys' fees and costs. As an initial step in awarding attorneys' fees, the Court must determine what constitutes an appropriate hourly rate. The statute requires that the rate be that which is prevailing in the community in which the action arose. 20 U.S.C.A. § 1415(e)(4)(C). Plaintiffs argue that—for purposes of establishing a rate for their lead counsel—because of the lack of legal counsel in Puerto Rico with expertise in IDEA and because Defendant retained a law firm from Washington, D.C. to represent it in this case, the relevant community should include Washington, D.C. Plaintiffs further claim that Robert Blackmore, their lead counsel, should be entitled to a rate of $175 per hour for office work and $200 per hour for trial work. They assert that these rates are substantially lower than the rates charged by Defendant's counsel. Defendant, by contrast, argues that the relevant community is the "community of attorneys who represent state and local educational agencies throughout the United States on education issues, including IDEA cases." Defendant's counsel further claims that his firm charges educational agencies

---

2. *Lipsett* dealt with an award of attorneys' fees pursuant to 42 U.S.C. § 1988. The standards for determining attorneys' fees pursuant to section 1988 are also applicable to a fees determination under section 1415(e)(4) of IDEA. *Fowler v. Uni-*

*fied School District* No. 259, 128 F.3d 1431, 1439 (10th Cir.1997); *Combs by Combs v. School Bd. of Rockingham County*, 15 F.3d 357, 360 (4th Cir.1994); *Hall*, 823 F.Supp. at 1383.

between $95 and $135 per hour and that in this particular case he charged Defendant $110 per hour. Defendant submits that Plaintiffs be entitled to that same rate.

■ Notwithstanding the differing suggestions from the parties regarding what constitutes the relevant community, the Court finds that the statutory language provides the solution. According to the statute, the fees must be based on the "rates prevailing in the community in which the action or proceeding arose." 20 U.S.C.A. § 1415(e)(4)(C). Because this action arose in Puerto Rico, the Court shall consider Puerto Rico to be the relevant community for purposes of determining fees. Plaintiffs have submitted evidence regarding the rates for an experienced attorney practicing in Puerto Rico. Attorney Orlin Goble, Plaintiffs' Puerto Rico counsel, states in an affidavit that he has been practicing since 1968 and that his rates are $125 per hour for office work and $150 per hour for trial work.[3] Moreover, other courts ruling on attorneys' fees in IDEA cases have used hourly rates in this same general range. *See Beard,* 31 F.3d at 957 ($125 per hour); *Kattan by Thomas v. District of Columbia,* 995 F.2d 274, 278–79 (D.C.Cir.1993) ($125); *Verginia McC v. Corrigan–Camden Indep. School Dist.,* 909 F.Supp. 1023, 1032–33 (E.D.Tex.1995) (allowing rates of $125 and $150, depending on the attorney's experience); *Massachusetts Dep't of Public Health v. School Comm. of Tewksbury,* 841 F.Supp. 449, 457–58 (D.Mass.1993) (Rates of $130, $150, and $175); *Grinsted v. Houston County School Dist.,* 826 F.Supp. 482, 486 (M.D.Ga.1993) ($150); *Moore v. Crestwood Local School Dist.,* 804 F.Supp. 960, 964–65 (N.D.Ohio 1992) (Rates of $85, $125, $135, and $150).

■ There is evidence in the record that an experienced Puerto Rico attorney's trial work is billed at $150 per hour. The Court is not unmindful, however, of the fact that IDEA cases are often complex and may require special skill and experience. Additionally, the Court recognizes that at trial, Blackmore presented the entire case, interrogated all witnesses, and made all arguments for Plaintiffs. Because special skill may be required for such cases—including this one—the Court finds that Blackmore's hourly rate for trial work on this IDEA case should be adjusted upward to $175. Moreover, although Goble was present at trial, he did not make any presentations or arguments. His participation was not as extensive as Blackmore's. Accordingly, the Court finds that attorney Goble's hourly trial rate should be reduced to $135.

The Court has reviewed Plaintiffs' itemization of attorneys' work, costs, and educational expenses. As mentioned above, work that is unnecessary or redundant should be excluded. *See Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939–40; *Arunim D.,* 970 F.Supp. at 54. For the reasons set forth below, the Court makes the following adjustments to the amounts requested by Plaintiffs.

*1. Fees of Robert Blackmore*

■ Plaintiffs have submitted an itemization of Blackmore's work with a total of 339.95 hours of office work and 32 hours of trial work. The Court has reviewed the itemization of Blackmore's work and strikes two items from the list. First, he is billing .4 hours for calls on January 25, 1995, to his travel agent, presumably for the purchase of tickets to come to Puerto Rico. Making travel arrangements is clerical work that should not be billed at a lawyer's rate of $125 per hour. Accordingly, that item is stricken. Second, at the end of his itemization, Blackmore bills for 20 hours of "anticipated time" to finalize this case. Generally, a request for attorney's fees must be accompanied by an itemization of the work provided. *See Tennessee Gas Pipeline v. 104 Acres of Land,* 32 F.3d 632, 634 (1st Cir.1994); *Grendel's Den v. Larkin,* 749 F.2d 945, 952 (1st Cir.1984). Because Plaintiffs are seeking reimbursement for work not yet performed it is of course impossible for them to itemize the work. It is similarly impossible for the Court to determine whether the work is necessary or redundant or whether the request is reasonable. The Court will not engage in speculation regarding how much work Blackmore must do to bring this case to a close.

3. Docket no. 58.

Moreover, it is conceivable that Plaintiffs are not the prevailing party in any remaining administrative or judicial hearings. Accordingly, the 20 hours of anticipated time is stricken.

The Court thus reduces Blackmore's office work by 20.4 hours to a total of 319.55 hours. He is thus entitled to the following:

| 319.55 office hours | × $125/hour | = | $39,943.75 |
|---|---|---|---|
| 32.00 trial hours | × $175/hour | = | 5,600.00 |
| TOTAL | | = | $45,543.75 |

### 2. Fees of Orlin Goble

■ Plaintiffs claim a total of 164.35 hours for attorney Orlin Goble, of which 123.35 hours was office work and 41 hours was trial work. His itemization of work includes a number of entries for the simple task of filing motions at the Clerk's Office. He has three entries[4] in which the only work done is visiting the Clerk's Office in order to file motions. These entries total three hours of work. This type of work is clerical in nature and does not require an attorney billing $125 per hour. Accordingly, these three hours are stricken from his time. Goble also has seven other entries,[5] each of which lists a number of tasks, one of which is an appearance at the Clerk's Office to file motions. It is impossible to determine exactly how much time Goble is claiming in these seven entries for the filing of motions. In his three entries in which the only work done was a visit to the Clerk's Office to file a motion, he claimed on average one hour per filing. The Court will give Goble the benefit of the doubt and will assume that he is claiming only 45 minutes per filing in the other seven entries. Thus, the Court will deduct 5.25 hours (7 × .75 = 5.25) from these seven entries. The Court deducts a total of 8.25 hours from his claimed office work, for a total of 115.1 hours.

Goble also claimed 41 hours of trial work. This differs from Blackmore's claim of 32 hours of trial work. The bench trial lasted four days. Thus, the 32 hours as claimed by Blackmore is the more reasonable amount. Also, because Blackmore was the lead counsel who presented all of Plaintiffs' case at trial, it would be anomalous to allow Goble to bill more hours than Blackmore for the time the two attorneys spent at trial. Thus, the Court reduces the amount he is billing for trial work to 32 hours. He is therefore entitled to the following:

| 115.1 office hours | × $125/hour | = | $14,387.50 |
|---|---|---|---|
| 32.00 trial hours | × $135/hour | = | 4,320.00 |
| TOTAL | | = | $18,707.50 |

### 3. Fees of legal staff and expenses

■ Plaintiffs have submitted itemizations for the work of Roger Allred, John Devoe, Gayle Rowe, and Lois Pinster. It appears that they are, respectively, three associates and a paralegal at Blackmore's law firm. Defendant does not contest these itemizations, and the Court allows them. Additionally Plaintiffs' counsel seek reimbursement for their expenses. Goble claims $271.42 and Blackmore claims $13,509.05. The largest item among Blackmore's expenses is one of $11,407.27 for "interest." No explanation is given for this item. Thus, Plaintiffs have not met their burden to support this request, and the Court strikes it. Plaintiffs are entitled to the following for the work of Blackmore's legal staff and the attorneys' expenses:

| Roger Allred | $5,180.00 |
|---|---|
| John Devoe | $448.50 |
| Gayle Rowe | $880.00 |
| Lois Pinster | $760.00 |
| Goble's expenses | $271.42 |
| Blackmore's expenses | $2,101.78 |

### 4. Educational expenses and litigation costs

■ Lastly, Plaintiffs request $305,-520.19 for litigation costs and Gabriel's educational expenses. This amount includes Gabriel's expenses at the Higashi School in Boston and the fees and expenses of the expert witnesses that Plaintiffs used at trial. Under the IDEA, a prevailing party may be awarded the reasonable fees and expenses of expert witnesses. *Bailey v. District of Columbia,* 839 F.Supp. 888, 892 (D.D.C.1993). Defendant does not object to these amounts.

---

4. The following itemizations were for work that consisted solely of filing a motion: October 18, 1995 (1 hour); December 5, 1995 (1.5 hours); and January 16, 1996 (0.5 hours).

5. *See* Docket no. 58, Time of Orlin P. Goble, entries for November 8, 1995, November 17, 1995, November 21, 1995, December 14, 1995, January 23, 1996, July 2, 1996, and July 3, 1996.

Accordingly, the Court grants the request for these costs and expenses.

In conclusion, Plaintiffs are entitled to the following:

*Fees and expenses of Robert Blackmore*

| | | | |
|---|---|---|---|
| 319.55 office hours | × $125/hour | = | $ 39,943.75 |
| 32.00 trial hours | × $175/hour | = | 5,600.00 |
| TOTAL FEES | | = | $ 45,543.75 |
| Expenses | | = | $ 2,101.78 |

*Fees and expenses of Orlin Goble*

| | | | |
|---|---|---|---|
| 115.1 office hours | × $125/hour | = | $ 14,387.50 |
| 32.00 trial hours | × $135/hour | = | 4,320.00 |
| TOTAL FEES | | = | $ 18,707.50 |
| Expenses | | = | $ 271.42 |

*Fees of other legal staff*

| | |
|---|---|
| Roger Allred | $5,190.00 |
| John Devoe | $448.50 |
| Gayle Rowe | $880.00 |
| Lois Pinster | $760.00 |

*Educational expenses and litigation costs* = $305,520.19

WHEREFORE, the Court grants Plaintiffs' petition for educational expenses, attorneys' fees, and costs (Docket no. 58), subject to the adjustments discussed above. Defendant shall pay these amounts to Plaintiffs by June 1, 1998.

**IT IS SO ORDERED.**