**Juan ZAYAS, et al., Plaintiffs**

v.

**Commonwealth of PUERTO RICO, et al., Defendants.**

**Civil No. 04–1534(SEC).**

United States District Court, D. Puerto Rico.

Sept. 18, 2006.

Alfredo Fernandez–Martinez, Delgado & Fernandez, Jose E. Cespedes–Sabater, Cobian & Valls, San Juan, PR, for Plaintiffs.

Salvador J. Antonetti–Stutts, Anabelle Quinones–Rodriguez, Department of Justice, San Juan, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, Senior District Judge.

Plaintiffs have filed a motion requesting litigation costs and attorneys' fees (Dockets ## 105, 111–112 & 118). Despite having filed a request for an extension of time to oppose said request, which was granted by the Court, Defendants failed to oppose Plaintiffs' motion. *See* Dockets ## 113–114. After carefully reviewing Plaintiffs' unopposed motion, as well as the applicable law, for the reasons set herein, Plaintiffs' request will be **GRANTED in part and DENIED in part.**

## Procedural Background

Plaintiffs in this case were a student, Arianna M. Zayas–Frontera, and her parents, Juan Zayas and Eva Frontera. They filed a complaint seeking permanent injunctive relief and damages for the alleged discrimination suffered at the hands of Defendants, the Department of Education and the Secretary of the Department (Docket # 1). Plaintiffs asserted causes of action under the Individuals with Disabilities in Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA"); Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12131 *et seq.* ("ADA"); Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("RA"); Section 1983 of the Civil Rights Act, 42 U.S.C. § 1983 (Due Process and Equal Protection clauses) ("Section 1983"); Puerto Rico Law 44 of July 2, 1985, as amended, 1 P.R. Laws Ann. § 504 ("Law 44"); and Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141 ("Art. 1802"). Plaintiffs requested equitable relief, damages (punitive and compensatory), attorneys' fees and costs.

The core of Plaintiffs' complaint was their claim that due to Defendants' discriminatory actions, Arianna had been unable to receive free appropriate education. Consequently, for reasons which are beyond the scope of the task at hand, she had been out of school, being home schooled, for approximately four (4) years. *See* Docket # 87. As part of the reliefs requested, Plaintiffs filed a motion requesting a preliminary injunction to compel Defendant to enroll Arianna in a private institution, Instituto Modelo de Enseñanza Individualizada ("IMEI") (Docket # 16). The Court scheduled an evidentiary hearing (Docket # 30). However, on March 16, 2005, after two (2) Pretrial and Settlement Conferences (Dockets ## 36 & 44), Plaintiffs waived their right to trial by jury (Docket # 81

at p. 4). Accordingly, the Court consolidated Plaintiffs' request for preliminary and permanent injunction and on March 16–17, April 6–7 and May 13 & 17, 2005, the Court held a bench trial (Dockets ## 57–59, 76–77, & 81).

Then, on July 19, 2005, the Court issued an Opinion and Order in which it: (1) ordered that Arianna be enrolled at IMEI for a transition period of one (1) year; (2) dismissed with prejudice Plaintiffs' claims under the RA and ADA; (3) dismissed with prejudice Plaintiffs' claims under Section 1983 for due process and equal protection violations; (4) dismissed with prejudice all of Plaintiffs' supplemental law claims; and (5) held that Plaintiffs were "prevailing parties" under IDEA and thus, entitled to attorneys' fees. *See* Docket # 87 at pp. 12–13. Accordingly, the Court ordered Plaintiffs to file their petition for attorneys' fees in compliance with Local Rule 54(a). In sum, the Court reasoned that Plaintiffs had prevailed on the IDEA claim for equitable relief, but had lost in all other claims, including those for compensatory and punitive damages. An appeal by Defendants followed. The First Circuit affirmed the Court's decision in its entirety issuing its judgment on December 21, 2005. *See* Docket # 110.

### Applicable Law and Analysis

#### 1. Attorneys' Fees

█ The IDEA provides, *inter alia,* that "[i]n any action or proceedings brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415 i(3)(B). The statute further provides that the fees awarded should "be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415 i(3)(C). Courts have analyzed the foregoing provisions of IDEA consistently with the attorneys' fees provision of the Civil Rights Act, 42 U.S.C. § 1988(b). *Phelan v. Bell,* 8 F.3d 369, 373 (6th Cir.1993). Accordingly, in adjudicating a request for attorneys' fees under the IDEA, the Court needs to determine whether: (1) a party is in fact a "prevailing party" under IDEA; (2) the compensation sought is reasonable (i.e. calculation of the lodestar); and (3) there are any additional but exceptional considerations that may require to adjust upward or downward. *Hensley v. Eckerhart,* 461 U.S. 424, 433–34, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

█ A plaintiff is a prevailing party if he "has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit.'" *Texas State Teachers Assoc. v. Garland Indep. School District,* 489 U.S. 782, 791–92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). To make the lodestar calculation, the Court applies the prevailing billing rates to the hours reasonably expended on successful claims. This calculation is made by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. *Hensley,* 461 U.S. at 433, 103 S.Ct. 1933 (1983)[1]. "Once

---

1. Other factors to consider in making this determination are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Blanchard v. Bergeron,* 489 U.S. 87,

established, the lodestar represents a presumptively reasonable fee, although it is subject to upward or downward adjustments in certain circumstances." *Lipsett v. Blanco,* 975 F.2d 934, 937 (1st Cir.1992) (citations omitted).

First off, we have already determined that Plaintiffs are prevailing parties under the IDEA. The Court's order instructing Defendants to enroll Arianna in IMEI for a transition period of one (1) year granted them this status. Any further explanation on this point is unnecessary as it is available in our July 19, 2005 Opinion and Order. *See* Docket # 87 at pp. 12–13. In that occasion, as in this one, Defendants failed to contest Plaintiffs' status as prevailing parties under the IDEA. We thus proceed to determine the reasonableness of Plaintiffs' request for attorneys' fees.

■ In the instant case, Plaintiffs' motion for attorneys' fees is unopposed. However, this does not relieve the Court of its duty of making sure that the amount requested by Plaintiffs is reasonable. The IDEA and the lodestar method require that the hourly rate used by the Court be in line with those prevailing in the community "for similar services for lawyers of reasonably comparable skill, experience, and reputation." *Sepúlveda–Carrero v. Rullán,* 2005 WL 1949775 *2 (D.P.R.) (*quoting Tejada–Batista v. Fuentes–Agostini,* 263 F.Supp.2d 321, 327 (D.P.R.2003)) (internal quotations omitted). For this, the Court may take into consideration its knowledge about the prevailing hourly rate in this community and any evidence presented by the Plaintiffs.

■ In their request, Plaintiffs propose that Atty. Alfredo Fernández–Martínez's hourly rate be set at $200.00/hour; other

unidentified attorneys' rates at $150.00/ hour; and the paralegal rates at $75.00/ hour. Plaintiffs justify their request as to Atty. Fernández–Martínez's rate by pointing to his educational background (L.L.M. from Harvard University with a focus on education issues) and professional experience (former P.R. Supreme Court Law Clerk and participation in numerous federal court discrimination cases). That information notwithstanding, Plaintiffs failed to provide evidence, such as affidavits, pertaining to the prevailing rate in the community. Worse still, Plaintiff failed to provide any information about the other attorneys for whose work they also seek this award.

Because Plaintiffs failed to provide any evidence as to the prevailing rate in the community, we embarked on our own examination of other cases in this district, as well as IDEA cases in other courts in the First Circuit. Consequently, we find that the hourly rates proposed by Plaintiffs are higher than the prevailing rate in the community. *See IDEA cases; Williams v. Boston School Committee,* 709 F.Supp. 27, 28–29 (D.Mass.1989) (reducing hourly rate from $150.00 to $125.00 absent any supporting evidence in the request for attorneys' fees); *Mass. Dept. of Public Health v. School Committee of Tewksbury,* 841 F.Supp. 449, 458 (D.Mass.1993) (awarding hourly rate for attorneys between $175.00 and $150.00, and $50.00 for paralegals); *González,* 1 F.Supp.2d at 115 (reducing hourly rate from $175.00 to $135.00 after considering that other courts' ruling on attorneys' fees in IDEA cases have used hourly rates in this same general range) (string citations omitted). *See other cases in this district, Sepúlveda Carrero,* slip op., at *2 (finding that an hourly rate of

91–92 n. 5, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989) (*citing Johnson v. Georgia Highway*

*Express, Inc.,* 488 F.2d 714, 717–19 (1974)).

$115.00 to $100.00 for in-court time and $90.00 for out-of-court time reasonable in light of the prevailing rates in the community); *Ciudadana v. García–Morales*, 359 F.Supp.2d 38, 45 (D.P.R.2005) (setting $225.00 for in-court and $200.00 for out-of-court time as the hourly rate); *Tejada–Batista*, 263 F.Supp.2d at 328 (holding that a rate of $175.00 for in-court time and $150.00 for out-of-court time is as reasonable); *Rodríguez v. Int'l College of Business Tech., Inc.*, 356 F.Supp.2d 92, 96–97 (D.P.R.2005) (approving $190.00 for in-court time and $125.00 for out-of court time); *Top Entertainment Corp. v. Torrejon*, 349 F.Supp.2d 248, 254–55 (D.P.R. 2004) (finding $250.00 hourly rate as excessive and reducing the rate to $125.00/hour); *Anywhere, Inc. v. Romero*, 344 F.Supp.2d 345, 348 (D.P.R.2004) (finding that an hourly rate of $250.00 for the more experienced attorney and of $150.00 for the less experienced attorneys reasonable).

We pause to comment on the unidentified attorneys for whom Plaintiffs seek an hourly rate of $150.00. Plaintiffs' only evidence in support of this request is their attorneys' time sheets. In these time sheets, the associate attorneys are referred to by their initials only. Without more, the Court is inclined to deny those fees altogether. The Court does not know who these attorneys are nor what their preparation, educational background, experience and/or skills are. Plaintiffs' request on this respect leaves much to be desired. However, for purposes of judicial economy, the Court will refrain from denying these fees. Instead, since Plaintiffs have provided no information justifying higher fees for these unidentified attorneys, the Court will set their rates at the lower end of the prevailing rate in the community, at $110.00/hour. *See Hensley*, 461 U.S. at 433, 103 S.Ct. 1933 ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."); *González v. P.R. Dept. of Education*, 1 F.Supp.2d 111, 114 (D.P.R.1998) (stating that the prevailing party has the burden to submit evidence which justifies the request for fees) (citation omitted).

Considering Atty. Fernández–Martínez's vast experience in education-related litigation, his educational background and experience, and his reputation in the community, we will set his rate, as requested, within the higher range of the prevailing rates in Puerto Rico. Hence, Atty. Fernández–Martínez's hourly rate is set at $200.00, the unidentified attorneys' rate at $110.00, and the paralegal rate at $50.00. We find the modifications made to the other fees necessary since "the relevant rate is not the amount the party's lawyer might be paid by willing clients, but the amount that is normally paid in the community for similar services." *González*, 1 F.Supp.2d at 114 (citation omitted). Considering the lack of justification provided by Plaintiffs' in their requests, the reductions made to the other fees best reflect the prevailing standard in the community for discrimination cases.

Finally, we must consider if there is any reason to adjust the requests downward or upward. Adjustments are made only in unusual circumstances. However, a reduction for time spent on unsuccessful claims or redundant or excessive hours is appropriate. *See Williams*, 113 F.3d at 1301. As previously noted, Plaintiffs' complaint included causes of action under IDEA, RA, ADA, Section 1983, Law 44 and Art. 1802. Plaintiffs prevailed only as to the IDEA claim and, consistently, obtained prospective relief only. All of Plaintiffs' claims for damages were dismissed. We are mindful that Plaintiffs prevailed on what was their main claim and that their claims under the RA, ADA, and Law 44 are closely related or intercon-

nected with the IDEA claim. *Mass Dept. of Public Health,* 841 F.Supp. at 457 (interconnected claims or those arising from a common core of facts warrant that the Court award fees for time spent on all aspects of the case). However, we must make a discount to the request for attorneys' fees for Plaintiffs were unsuccessful in their unrelated claimstheir Section 1983 and Art. 1802 claims, and their request for compensatory and punitive damages. *Hensley,* 461 U.S. at 435, 103 S.Ct. 1933 ("work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.' "). Faced with the fact that from Plaintiffs' time sheets we cannot ascertain what amount of work was dedicated to those unsuccessful claims, we are forced to make a global discount. *Id.* at 436 (stating that when a "plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."). Since we deem that Plaintiffs' IDEA claim was central to their claims and that, in all probability, the majority of the work expended by Plaintiffs' attorneys was dedicated to Arianna's placement in school, Plaintiffs' request for attorneys' fees will be reduced only by 10% to account for the work expended on the unrelated unsuccessful claims. *Id.* ("there is no precise rule or formula for making these determinations"); *see e.g., Kerry B. v. Union 53 Public Schools,* 882 F.Supp. 184, 190 (D.Mass.1995)(reducing fee to 10% of the amount requested and stating that the district court may identify the specific hours spent on the unsuccessful claims or reduce the award to account for the limited success) (*quoting Hensley,* 461 U.S. at 436–37, 103 S.Ct. 1933); *Field v. Haddonfield Bd. of Ed.,* 769 F.Supp. 1313, 1323 (D.N.J.1991) (reducing attorneys' fees by 50% to account for plaintiffs' limited success).

Per the foregoing, Plaintiffs' motion is **GRANTED in part and DENIED in part.** and Plaintiffs are awarded attorneys' fees as follows:

| | | | |
|---|---|---|---|
| 16.75 hours × $50.00 | = | $ 837.50 | |
| 296.50 hours × $ 110.00 | = | $ 32.615.00 | |
| 151.50 hours × $ 200.00 | = | $ 30,300.00 | |
| SUB TOTAL | = | $ 63,752.50 | (x .90) |
| **TOTAL** | = | **$ 57,377.25** | |

### 2. Litigation Costs

Plaintiffs requests that their litigation costs be taxed at $4,955.63. Some initial comments on this request are in order. First, we note that Plaintiffs utterly failed to provide any supporting documentation or explanation for the taxing of their costs. Time sheets are simply insufficient. Plaintiffs have also failed to comply with the *Taxation of Costs Guidelines* (March 1997) in the Court's Web Site nor have used the suggested AO Form 133 for these purposes. *See http://www.prd. uscourts.gov/usdcpr/a—taxation.htm.* These guidelines provide specific instructions on how to file a bill of costs and its supporting documents. Complying with these guidelines and providing supporting documentation makes our job, as well as that of the Office of the Clerk, much easier, and avoids inconsistent rulings. Again, we are inclined to deny Plaintiffs' request for costs in their entirety until an appropriate request is filed. However, after consulting with the Office of the Clerk and spending much time deciphering Plaintiffs' request, we have decided to address the motion without further delay.

Plaintiffs request: $210.00 for service of summons and subpoenas; $1,318.75 for bench trial transcripts; $45.00 for witness fees; $1,426.15 for translations; $816.12 for photocopies of documents; and other costs (messenger services, facsimile expenses, postage, and Westlaw charges) amounting to $1,139.61. These costs amount to a total of $ 4,955.63. We ad-

dress each one of these requests in this same order.

■ Plaintiffs claim $210.00 for service of summons and subpoenas. It is the policy of this Court that service of process fees are taxable costs as follows: (1) service fee for summons and complaint; (2) service fee for trial subpoenas for those witnesses who testify in court; (3) service fee for deposition subpoena when deposition is taxed as cost; (4) expenses for carrying property attached, replevied, libeled or held pending stay of execution; (5) sales commissions; and (6) insurance premiums for indemnity of marshal as required for maritime attachments. *See Taxation of Costs Guidelines*, Section 4(c), March 1997. Plaintiffs have failed to identify the individuals who were served or the reason for their service. Therefore, this amount is **DENIED.**

■ Next, Plaintiffs seek recovery of $1,318.75 for bench trial transcripts. Per 28 U.S.C. § 1920(2), fees charged by a court reporter for the preparation of a "stenographic transcript necessarily obtained for use in a case" **may** be taxed as costs. *Paul N. Howard Co. v. Puerto Rico Aqueduct and Sewer Authority*, 110 F.R.D. 78, 81 (D.P.R.1986) (emphasis added). It is also the policy of the Court that transcripts are not taxable unless the case is so lengthy or complex that a daily transcript is necessary. This case was neither lengthy nor complex. As to the transcription of depositions, however, "although there is no express statutory authorization for the taxation of deposition expenses as costs," courts have generally allowed the costs of taking and transcribing depositions. *Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Authority*, 193 F.R.D. 26, 38 (D.P.R.2000) (citation omitted). For example, these costs are allowed when a deposition is introduced into evidence at trial in lieu of live testimony; used for

impeachment purposes; or, used in connection with a successful motion for summary judgment. Plaintiffs have not even alleged that there were court reporter fees related to the transcription of depositions nor that these depositions were used at trial. Therefore, this request is also **DENIED.**

■ Plaintiffs' request $45.00 related to witness fees paid to Ms. Heidi Cabán-Santiago for her appearance at a deposition. "The recovery of witness fees as costs is authorized by 28 U.S.C. § 1920(3), and 28 U.S.C. § 1821 sets out the contents of disbursements to witnesses." *Pan Am.*, 193 F.R.D. at 34. However, per Section 1821(b), a witness shall be paid an attendance fee of $40.00 per day. Therefore, Plaintiffs' request on this respect is **GRANTED in part.** The Court will tax $40.00 for the payment of Ms. Cabán-Santiago's attendance fee.

■ As to the costs related to translations, Plaintiffs seek recovery of $1,426.15. Local Rule 10(b) requires litigants to submit English translations of any document to be used as evidence. Reasonable costs of translating documents may be allowed if the documents are relevant to the litigation. *Id.* at 38. Furthermore, 28 U.S.C. § 1920(6) permits the taxation of those interpreter's fees which are necessary for the case. Again, Plaintiffs failed to explain why they needed the translated documents and the extent to which they needed the interpreter in court. However, the Court will assume that documents would not have been translated but for filing them in this case and, having held a bench trial, the Court is aware that an interpreter was necessary for some of the witnesses during trial. Accordingly, the Court will allow these costs. Plaintiffs' request relating to the translation of documents and interpreter is **GRANTED** and **$1,426.15** will be taxed in favor of Plaintiffs.

Plaintiffs seek $816.12 in photocopies. That is, $622.25 at $0.25/copy; $77.07 paid to Sir Speedy; and $116.80 paid to Doubleday. The costs of photocopying documents necessarily obtained for use in a case are taxable under 28 U.S.C. § 1920(4). However, it is the policy of the Office of the Clerk to allow recovery of ten cents ($0.10) per copy. We will not deviate from this policy. Upon examination of Plaintiffs' sheets, the Court found that a total of 2,489 pages were copied at $0.25/copy ($622.25 × .25 = 2,489). The Court finds that the number of paper copies submitted by Plaintiffs is reasonable and taxes the amount of **$248.90** (2,489 copies × .10). As to the payments made to Sir Speedy and Doubleday, Plaintiffs failed to identify the copied documents or explain why these expenses were necessary for the case. Therefore, the costs related to said services will not be taxed. Plaintiffs' request on this respect is thus **GRANTED in part and DENIED in part.**

Finally, as to the other costs submitted by Plaintiffs, the Court notes that these are related to messenger services ($282.82), faxes ($134.00), postage ($62.45) and Westlaw charges ($660.34). "Messenger services, faxes, telephone charges, postage, stamps, parking and Westlaw charges are all out-of-pocket expenses and, therefore, not recoverable." *Ramos v. Davis & Geck, Inc.*, 968 F.Supp. 765, 783 (D.P.R.1997). Accordingly, this request is **DENIED.**

## Conclusion

For all the reasons set forth above, Plaintiffs' are awarded $ 57,377.25 in attorneys' fees and their costs are taxed at a total of $ 1,715.05.

**SO ORDERED.**